**FILED**

**August 5, 2016**

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 1:15 PM





### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### COURT OF WORKERS' COMPENSATION CLAIMS
### AT JACKSON

| | |
|---|---|
| ESSIE JOHNSON, | ) Docket No.: 2015-07-0270 |
| Employee, | ) |
| v. | ) |
| | ) |
| FIRST UNITED METHODIST | ) State File No.: 76187-2015 |
| CHURCH, | ) |
| Employer, | ) |
| And | ) |
| | ) |
| TRAVELERS, | ) JUDGE AMBER E. LUTTRELL |
| Insurance Carrier. | ) |

---

## ORDER GRANTING EMPLOYER'S MOTION FOR SUMMARY JUDGMENT

---

This matter came before the Court upon Employer/Carrier's Motion for Summary Judgment filed pursuant to Rule 56 of the Tennessee Rules of Civil Procedure on May 4, 2016. Ms. Johnson, a self-represented Employee, filed a response on May 26, 2016, and later filed a doctor's note as an exhibit to her response. The central legal issue is whether First United Methodist Church (FUMC) is entitled to judgment as a matter of law because Ms. Johnson's alleged back injury did not arise primarily out of and in the course and scope of her employment. For the reasons set forth below, the Court holds FUMC is entitled to summary judgment.

### Procedural History

Ms. Johnson filed a Petition for Benefit Determination seeking medical and temporary disability benefits. The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice. Ms. Johnson filed a Request for Expedited Hearing, and this Court heard the matter on December 9, 2015.

At the Expedited Hearing, Ms. Johnson argued she sustained an injury, or aggravation, to her back arising primarily out of her employment. FUMC countered that

1

Dr. Murrell, the physician selected from the panel, opined Ms. Johnson's back symptoms did not arise out of a work-related injury, but rather resulted from her underlying degenerative condition.

Following the hearing, the Court issued an Expedited Hearing Order Denying Medical and Temporary Disability Benefits. The Court determined Dr. Murrell, the panel physician, offered the only medical causation opinion for Ms. Johnson's alleged injury, and pursuant to Tennessee Code Annotated section 50-6-102(14)(E), his opinion is afforded a presumption of correctness that is rebuttable only by a preponderance of the evidence. The Court held Ms. Johnson offered no medical proof to rebut Dr. Murrell's opinion; thus, she did not come forward with sufficient evidence from which the Court could determine she is likely to prevail at a hearing on the merits. Ms. Johnson did not appeal the Court's decision.

FUMC subsequently filed Employer's Motion to Dismiss with Prejudice pursuant to Tennessee Compilation Rules & Regulations 0800-02-21.14(3). Ms. Johnson timely filed a Response to Motion to Dismiss with Prejudice and the motion was heard on April 4, 2016.

Prior to the Court's ruling on Employer's Motion to Dismiss, the Appeals Board issued its decision in *Syph v. Food Choice Group, Inc.*, No. 2015-06-0288, 2016 TN Wrk. Comp. App. Bd. LEXIS 18 (Tenn. Workers' Comp. App. Bd. Apr. 21, 2016). In light of the holding in *Syph*, the Court entered an Order directing FUMC to file a motion in compliance with the Tennessee Rules of Civil Procedure. FUMC then filed the instant Motion for Summary Judgment. The parties waived a hearing on this motion.

### *Findings of the Court*

Motions for summary judgment are governed by Tennessee Code Annotated section 20-16-101 (2015) and Tennessee Rule of Civil Procedure 56. Rule 56.03 requires that a motion for summary judgment "be accompanied by a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial." Aside from Rule 56, in 2011, the Tennessee General Assembly codified the burden of proof applicable to a motion for summary judgment filed by a party who does not bear the burden of proof at trial as follows:

In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:

(1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or

2

(2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. § 20-16-101 (2015); *Payne v. D and D Electric,* No. 2014-01-0023, 2016 TN Wrk Comp. App. Bd. LEXIS 21, at *7-8 (Tenn. Workers' Comp. App. Bd. May 4, 2016).

The nonmoving party must "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party." *Rye v. Women's Care Ctr. of Memphis, MPLLC,* 477 S.W.3d 235, 265 (Tenn. 2015). Prior to *Rye,* trial and appellate courts were required to assume that the nonmoving party faced with a motion for summary judgment might, by the time of trial, produce evidence to support the nonmoving party's claim. *See Rye,* 477 S.W.3d at 261. However, with the passage of Tennessee Code Annotated section 20-16-101 and reexamination of the summary judgment standard in *Rye,* the burden falls to the nonmoving party to produce evidence to establish the essential elements of the nonmoving party's claim in response to the motion for summary judgment. "The focus is on the evidence the nonmoving party comes forward with *at the summary judgment stage,* not on hypothetical evidence that theoretically could be adduced . . . at a future trial." *Id.* at 265 (emphasis added). Thus, in this case, FUMC's summary judgment motion requires Ms. Johnson to submit evidence establishing the essential elements of her workers' compensation claim.

One of those elements is the requirement that Ms. Johnson must demonstrate her injury arose primarily out of and occur in the course and scope of the employment. Tenn. Code Ann. § 50-6-102(14) (2015). "Arising primarily out of and in the course and scope of employment" requires a showing, to a reasonable degree of medical certainty, that the injury causing disablement or the need for medical treatment contributed more than 50% considering all causes. Tenn. Code Ann. § 50-6-102(14)(C) (2015). "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes. Tenn. Code Ann.§ 50-6-102(14)(D) (2015). Based on the following, the Court finds Ms. Johnson has not established this element of her claim.

FUMC accompanied its motion for summary judgment with a statement of material facts it asserted to be material and undisputed, which were presented in separate numbered paragraphs pursuant to Rule 56.03. FUMC's motion set forth the Court's holding at the Expedited Hearing that Ms. Johnson's medical evidence was insufficient to establish that her alleged back injury arose primarily out of and in the course and scope of her employment.

In opposition to the motion, Ms. Johnson filed a response. However, the Court finds the response submitted did not meet the requirements of Rule 56 in that Ms. Johnson did not file a response to the facts set forth by FUMC in its statement of undisputed facts. Instead, Ms. Johnson set forth four statements unresponsive to FUMC's seven statements of undisputed fact with the exception of paragraph four, which stated, "Employee has been treating with Dr. Earl Stewart for her back injury. Employee hereby submits Dr. Stewart's statement that her back injury was caused by the employment." Ms. Johnson subsequently filed a handwritten note on a prescription pad from Dr. Earl Stewart dated May 18, 2016, where he opined, "Patient is not able to work due to chronic radicular back pain."

Contrary to Ms. Johnson's assertion in paragraph four of her response, the Court finds Dr. Stewart's note fails to include a medical opinion stating or even suggesting that her back condition arose primarily out of and in the course and scope of her employment at FUMC. In fact, Dr. Stewart's note did not address causation at all. Absent such an opinion, the Court finds Ms. Johnson failed to "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party." *See Rye,* 477 S.W.3d at 265.

The Court is required to review the evidence in the light most favorable to the nonmoving party and to draw all reasonable inferences favoring that party. *Martin v. Norfolk S. Ry Co.,* 271 S.W.3d 76, 84 (Tenn. 2008). Having carefully reviewed and considered the evidence in the light most favorable to Ms. Johnson, the Court holds FUMC has demonstrated Ms. Johnson's evidence is insufficient at the summary judgment stage to establish an injury arising primarily out of and in the course and scope of her employment as is required for her to prevail at trial. *Id.*

Accordingly, FUMC's Motion for Summary Judgment is granted and Ms. Johnson's claim is hereby dismissed with prejudice. The costs of this cause are taxed to FUMC pursuant to Tennessee Compilation Rules and Regulations Rule 0800-02-21-.07 to be paid within five days of the entry of this order. In addition, FUMC shall prepare and submit the SD-1 for this matter within ten days of the date of judgment.

**IT IS SO ORDERED.**

**ENTERED** this the 5ᵗʰ day of August, 2016.

**Judge Amber E. Luttrell**
**Court of Workers' Compensation Claims**

4

<u>Right to Appeal</u>:

Tennessee Law allows any party who disagrees with this Compensation Hearing Order to appeal the decision to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal your case to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within thirty calendar days* of the date the Workers' Compensation Judge entered the Compensation Hearing Order.

3. Serve a copy of the Compensation Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The party filing the notice of appeal, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within fifteen calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the party filing the appeal may file a joint statement of the evidence within fifteen calendar days of the filing of the Compensation Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board. *See* Tenn. Comp. R. & Regs. 0800-02-22-.03 (2015).

6. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Workers' Compensation Appeals Board, the appeal will be

docketed and assigned to an Appeals Board Judge for review. At that time, a docketing notice shall be sent to the parties. Thereafter, the parties have fifteen calendar days to submit briefs to the Appeals Board for consideration. *See* Tenn. Comp. R. & Regs. 0800-02-22-.02(3) (2015).

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, this Order will become final by operation of law thirty calendar days after entry, pursuant to Tennessee Code Annotated section 50-6-239(c)(7).**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Order was sent to the following recipients by the following methods of service on this the __5th__ day of August, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Essie Johnson, Employee | X | | | 33 Denmark Jackson Road Denmark, Tennessee 38391 |
| Millie Sabbatini, Esq.; Paul T. Nicks, Esq. Employer's Counsel | | | X | msabbati@travelers.com; pnicks@travelers.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov